IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

WILLIE JAMES ATMORE,           :
                               :
            Plaintiff          :
                               :
       VS.                     :
                               :
Warden DONALD BARROW, VSP,     :   NO. 7:06-CV-94 (HL)
DR. LEBEDOVYCH, VSP, TED PHILBIN, :
VSP, and MR. HOLLIS, VSP,      :
                               :
            Defendants         :   **O R D E R**

Plaintiff **WILLIE JAMES ATMORE**, presently confined at Johnson State Prison in Wrightsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 1). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

### *I. BACKGROUND*

Plaintiff sues the following defendants: (1) Warden Donald Barrow, former Warden of

Valdosta State Prison ("VSP"); (2) VSP Cert Team Member Hollis; (3) Dr. Lebedovych; and (4) VSP Deputy Warden Ted Philbin. Plaintiff's complaint is unclear. As best as this Court can determine, plaintiff complains about certain incidents that occurred while plaintiff was confined at VSP. In particular, plaintiff alleges that Hollis "drew his stick" on plaintiff and "locked [him] in medical; that Dr. Lebedovych placed plaintiff on unspecified injections; and that Philbin "took [plaintiff] to a hearing to keep [plaintiff] on forced meds." Plaintiff's claim against Barrow is simply indecipherable.

## II. ORDER TO SUPPLEMENT

Upon review of plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of his claims can be made. Accordingly, plaintiff is instructed to supplement his complaint to answer the following:

(1) During what time period were you confined at VSP?

(2) When did <u>each</u> of the incidents of which you complain occur?

(3) What happened when Hollis "drew his stick" and "locked" you in medical? Did you suffer any injuries as a result of Hollis' actions? If so, describe each injury.

(4) Describe in detail the medication Dr. Lebedovych placed you on and the circumstances surrounding his decision to do so. How were you harmed by this medication?

(5) How did Philbin's taking you to a hearing on whether you should receive forced medication amount to a violation of your constitutional rights?

(6) Explain clearly and in detail what Warden Barrow did to violate your constitutional rights.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplement to his complaint, limited to these claims only. No other claims will be considered. If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 27th day of September, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE