IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| WILLIE JAMES ATMORE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| DR. LEBEDOVYCH, Deputy Warden | : | NO. 7:06-CV-86 (HL) |
| TED PHILBIN, Warden DONALD | : | |
| BARROW, and Cert Team Member | : | |
| HOLLIS, | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **WILLIE JAMES ATMORE**, an inmate presently at Johnson State Prison in Wrightsville, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  In compliance with this Court's previous order, plaintiff filed two supplemental complaints (Doc. #s 7 & 8).

## I.  STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  BACKGROUND

Plaintiff alleges that he was confined at Valdosta State Prison ("VSP") from 2002 to December 2005.  At some point during 2003, plaintiff was involuntarily placed on the mental health medications Proloxin and Haldol.  It is unclear precisely when plaintiff was on said medications, but the drugs allegedly made plaintiff shake and stutter, become disoriented, lose over 50 pounds, and possibly caused plaintiff to have Hepatitis C.  Plaintiff names as the responsible defendants, Dr. Lebedovych, plaintiff's treating psychiatrist, and Deputy Warden Ted Philbin, apparently a member of the VSP treatment review committee.

## III.  DISCUSSION

### A.  Former VSP Warden Donald Barrow

Despite naming former Warden Donald Barrow as a party, plaintiff does not specifically allege Barrow's personal involvement in any of the actions that led to the alleged deprivations of plaintiff's constitutional rights.  It is well settled that a supervisor may not be held liable for the acts of his subordinates on the basis of *respondeat superior*. **Monell v. Department of Social Services of New York**, 436 U.S. 658, 691 (1978).  It is therefore **RECOMMENDED** that the complaint against defendant Donald Barrow be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B.  Cert Team Member Hollis

Plaintiff's sole allegation against Hollis is that on an unspecified date, he "tore" plaintiff's bed up, handcuffed plaintiff, and, with another cert team member, "locked" plaintiff in medical. Plaintiff does not allege any physical injuries as a result of Hollis's actions.  Plaintiff's claim against Hollis must fail as plaintiff does not allege that he was denied any constitutional right which would support a section 1983 action.  It is therefore **RECOMMENDED** that the complaint against defendant Hollis be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C.  Dr. Lebedovych and Deputy Warden Ted Philbin

Although certain aspects of plaintiff's claims against defendants Dr. Lebedovych and Deputy Warden Ted Philbin are unclear, and plaintiff's ability to prevail upon the merits is by no means certain, the Court cannot conclude that plaintiff's against these defendants are frivolous at this juncture.  Accordingly, plaintiff's claims will be allowed to go forward against defendants Dr. Lebedovych and Deputy Warden Ted Philbin, by separate order.[1]

**SO RECOMMENDED**, this 31st  day of October, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

---

[1] In one of his supplements, plaintiff appears to assert claims against Roger Stembridge and Joe Biden, who are the subjects of several other of plaintiff's lawsuits, including most recently, ***Atmore v. Stembridge***, civil action number 5:06-cv-326 (WDO).  Because claims against Stembridge and Biden have already been litigated, the Court will not revisit these allegations in the instant lawsuit.