IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIE JAMES ATMORE, | : | |
| Plaintiff | : | |
| VS. | : | 7 : 06-CV-94 (HL) |
| DR. LEBEDOVYCH, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the Motion for Summary Judgment, converted from a Motion to Dismiss, filed by defendant Ted Philbin. Based on defendant Philbin's reliance on matters outside the pleadings, the undersigned converted the motion to dismiss to one seeking summary judgment and provided the plaintiff with the appropriate notice thereof on June 25, 2007. Although the plaintiff filed a response to the motion when it was initially filed, he has not filed any additional response following the conversion of the motion into one seeking summary judgment.

*Background*

The plaintiff filed this complaint on September 13, 2006, raising allegations of deliberate indifference to his serious medical needs. In regard to defendant Philbin, the plaintiff alleges that during his confinement at Valdosta State Prison in 2003, defendant Philbin, then the Deputy Warden of Care and Treatment, was responsible for the plaintiff being involuntarily placed on mental health medication. In his motion seeking dismissal of this action, defendant Philbin asserts that the plaintiff did not file a grievance as to the issues underlying this case and therefore

has not exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA").

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). In presenting his motion for summary judgment, defendant Philbin relies on the affidavit of Katherine Cadena, the Manager of Inmate Affairs and Appeals for the Georgia Department of Corrections, and portions of the standard operating procedures for the Georgia Department of Corrections governing the filing and administration of prisoner grievances. In her affidavit, Ms. Cadena testifies that "I have reviewed inmate Atmore's grievance history and do not see that inmate Atmore filed any grievance in which he alleged that Valdosta State Prison Deputy Warden of Care and Treatment Ted Philbin was responsible for him being involuntarily placed on any mental health medication." Cadena affidavit, document # 15-2.

In his response to defendant Philbin's Motion to Dismiss, the plaintiff asserts that he is

2

represented in this matter by the "National Coalition Office of Concerned Legal Professional", or "NCCLP", and that defendant Philbin and Warden Barrow "would not let my mail out to NCCLP". He further asserts that he was coerced by prison staff into signing a statement denying that anyone was trying to kill him, apparently a reference to plaintiff's assertions that defendant Philbin and others were medicating him by force. Although the plaintiff alleges that he at one time filed a grievance against defendant Philbin, he has not produced a copy of said grievance nor does he indicate the date on which this grievance or grievances were allegedly filed.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). The plaintiff has failed to rebut the overall showing that he failed to fully exhaust his claims.

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff has not established that he fully pursued the grievance process. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed to rebut the defendant's summary judgment showing the court must conclude that the claims brought against

defendant Philbin remain unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

Accordingly, it is the recommendation of the undersigned that defendant Philbin's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 6th day of August, 2007.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE