IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

WILLIE JAMES ATMORE, :
:
    Plaintiff :
:
VS. : 7 : 06-CV-94 (HL)
:
DR. LEBEDOVYCH, et al., :
:
    Defendants. :

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the Motion for Summary Judgment, filed by defendant Dr. Lebedovych, the sole remaining defendant herein. The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. As of May 12, 2008, the plaintiff has failed to respond to either the defendant's motion or the court's directives.

*Background*

The plaintiff filed this complaint on September 13, 2006, raising allegations of deliberate indifference to his serious medical needs. In regard to defendant Lebodovych, the plaintiff alleges that during his confinement at Valdosta State Prison in 2003, Dr. Lebodovych forced him to receive certain mental health medications. In his motion for summary judgment, Dr. Lebodovych asserts that the plaintiff filed this suit outside the applicable statute of limitations, that he did not file a grievance as to the issues underlying this case and therefore has not exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA"), and

that he has failed to establish an Eighth Amendment violation.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). In presenting his motion for summary judgment, defendant Lebodovych relies on an earlier filed affidavit of Katherine Cadena, the Manager of Inmate Affairs and Appeals for the Georgia Department of Corrections, who testified that "I have reviewed inmate Atmore's grievance history and do not see that inmate Atmore filed any grievance in which he alleged that Valdosta State Prison Deputy Warden of Care and Treatment Ted Philbin was responsible for him being involuntarily placed on any mental health medication." Cadena affidavit, document # 15-2.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff has not established that he fully pursued the grievance process. Although defendant Lebodovych's summary judgment motion relies on affidavit testimony relating primarily to plaintiff's grievance history as to defendant Philbin, the plaintiff clearly stated in his complaint that he had not filed any grievance regarding the claims underlying this lawsuit. Furthermore, the plaintiff has failed to respond to or rebut the defendant's summary judgment showing. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed to rebut the defendant's summary judgment showing the court must conclude that the claims brought against defendant Lebodovych remain unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

Accordingly, it is the recommendation of the undersigned that defendant Lebodovych's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief

United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 12th day of May, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE